UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHANE BELLARD

VERSUS

SID J. GAUTREAUX, III

CIVIL ACTION

NUMBER 08-627-JVP-SCR

**RULING ON MOTIONS TO COMPEL DISCOVERY**

Before the court are two motions to compel discovery. The first is the Motion to Compel Discovery Responses filed by defendant Sid J. Gautreaux, III. Record document number 11. The motion is opposed by the plaintiff.[1] The second is the Motion to Compel Discovery in Compliance With Rule 30(b)(6) Request for Production of Documents filed by plaintiff Shane Bellard. Record document number 15. The motion is opposed by the defendant.[2]

The subject of defendant's motion is interrogatories and requests for production of documents that were served by the defendant on April 20, 2009. Defendant explained that after several letters to counsel for the plaintiff requesting responses and letters to the court it was learned that the plaintiff had been in an accident which interfered with his ability to participate in discovery. This resulted in an extension of the discovery deadline, but the defendant's discovery requests still remained

---

[1] Record document number 14.

[2] Record document number 17.

outstanding. According to the defendant, the plaintiff finally provided answers to the interrogatories on September 4, 2009, but as of the date of filing this motion, September 24, plaintiff still had not responded to the requests for production of documents. Defendant moved for an order to compel the plaintiff's responses and an award of reasonable expenses under Rule 37(a)(5).

Plaintiff asserted the defendant's motion is moot and no expenses should be awarded because the motion never should have been filed. Plaintiff asserted that a September 22 letter from counsel for the defendant stated that the responses to the Requests for Production were needed by September 25.[3] Plaintiff was finalizing the responses when the defendant filed this motion on September 24. Plaintiff provided the responses the same day the motion was filed and later provided supplemental responses on October 2, 2009.[4]

Plaintiff's response indicates that the discovery outstanding at the time the defendant filed this motion to compel has now been provided. Consequently, the motion is moot to that extent. In the circumstances of this case, however, the defendant is not entitled to an award of reasonable expenses under Rule 37(a)(5)(A). Although the September 22 letter from the defendant's attorney does not actually grant the plaintiff an informal extension of time

---

[3] Defendant Exhibit I.

[4] Plaintiff Exhibits A and B.

until September 25 to provide his discovery responses, it fairly implies that.  Defendant filed his motion one day before the implied informal extension expired.

On October 16, 2009 the plaintiff filed his motion to compel discovery.  Plaintiff's motion relates to the individual and Rule 30(b)(6) deposition of the defendant taken on October 15.  The basis for the motion is the plaintiff's claim that during the deposition the defendant could not describe the search that was made for the documents, and could not testify that a diligent search had been made to insure that the documents produced in fact represented a complete response to the request for production of documents.[5]  Without this testimony, plaintiff argued, the defendant's production is materially incomplete and must be treated as a failure to respond.  Plaintiff asserted that the court should order the defendant to make a diligent search and fully respond to the requests, and also pay the reasonable expenses incurred in connection with the filing of this motion.

According to the defendant all documents asked for in the Rule 30)b)(6) deposition request were produced before the deposition took place.  Defendant conceded testifying that he did not personally search for each document requested, but the attorney

---

[5] According to the plaintiff, the defendant stated that he was under no obligation to attest that the search and production of responsive documents was thorough and complete.  Plaintiff stated that a partial transcript of this testimony would be provided when available, but as of this date none has been submitted.

3

for the defendant agreed at the conclusion of the deposition to provide a certification that the search for documents was thorough and the production complete. Despite this agreement, the plaintiff filed his motion the day after the deposition, and without first attempting to confer with the defendant in order to resolve it without having to file a motion. Along with the opposition memorandum, the defendant submitted his own affidavit and affidavits from Daniel McAllister, Kellie Jollivette and Amy Dedon confirming that copies of all responsive documents that are in defendant's possession have been produced to the plaintiff.[6] Therefore, the defendant contended that the plaintiff's motion and request for expenses should be denied.

Insofar as the plaintiff sought a certification that the defendant has supplied all documents responsive to the Rule 30(b)(6) request for production of documents, the affidavits submitted by the defendant confirm that the production is complete. The merits of the plaintiff's discovery motion are also moot. However, the plaintiff is not entitled to an award of expenses under Rule 37(a)(5)(A). Plaintiff's motion contains no information to indicate that before filing the motion a good faith attempt was made to obtain the certification without court action.

## Conclusion

Accordingly, the Motion to Compel Discovery Responses filed by

---

[6] Defendant Exhibits A-D.

defendant Sid J. Gautreaux, III is denied, and the plaintiff's Motion to Compel Discovery in Compliance with a Rule 30(b)(6) Request for Production of Documents is also denied.  The parties shall bear their respective costs incurred in connection with these motions.

Baton Rouge, Louisiana, November 3, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE