UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE BELLARD | CIVIL ACTION NO. 08-627 |
| VERSUS | JUDGE TRIMBLE |
| SID J. GAUTREAUX, III | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion to alter or amend this court's prior ruling granting in part and denying in part defendant's motion for summary judgment, recently filed by plaintiff.[1] For the reasons expressed herein, the court finds that plaintiff's motion to alter or amend should be **GRANTED** in part and **DENIED** in part.

### I. BACKGROUND

#### A. Relevant Facts

The facts of this case have been thoroughly recited by the court in our prior ruling[2] and will not be recounted here.

#### B. Procedural History

On September 3, 2010, this court granted defendant's summary judgment motion as to plaintiff's individual and official capacity Fourteenth Amendment liberty interest claims, plaintiff's individual capacity Louisiana constitutional claim, plaintiff's individual capacity Louisiana law defamation claim, plaintiff's 42 U.S.C. § 1983 punitive damages claim and plaintiff's claims for

---

[1] R. 52 referencing prior ruling of September 3, 2010 [R. 50, 51].

[2] R. 50 at pp. 1 - 7.

1

reinstatement to employment, lost pay and benefits.[3] Defendant's motion for summary judgment was denied as to plaintiff's official capacity Louisiana constitutional claim and plaintiff's official capacity Louisiana law defamation claim.[4] The court certified its judgment as final pursuant to Fed. R. Civ. P. 54(b) in light of the fact that the grant of summary judgment disposed of some, but not all, of plaintiff's claims and an appeal as to those dismissed claims, if necessary or desired, should be taken prior to the court's adjudication of the remaining claims for the sake of efficiency.

Plaintiff did not appeal the court's ruling to the U.S. Fifth Circuit Court of Appeals, instead filing the instant motion to alter or amend. Defendant opposes the grant of this motion as indicated in the record. Having received all necessary briefs on this motion, it is now ripe for consideration.

C.     **Applicable Standard**

Fed. R. Civ. P. 59(e) permits the filing of a motion to alter or amend a judgment of a district court no later than twenty-eight (28) days after the issuance of such judgment. A motion filed under Rule 59(e) should be granted only when it demonstrates a manifest error of law or fact or presents newly discovered evidence.[5] Such motion may not be used as a device to rehash arguments advanced in the context of the underlying motion or, alternatively, to raise new arguments which could have and should have been raised prior to entry of judgment.[6]

A motion to alter or amend requests an extraordinary remedy based on the alleged

---

[3] R. 50, 51.

[4] Id.

[5] Templet v. HydroChem, Inc., 367 F.3d 473 (5th Cir. 2004); Waltman v. Int'l Paper Co., 875 F.2d 468 (5th Cir. 1989).

[6] Schiller v. Physicians Resource Group, Inc., 342 F.3d 563 (5th Cir. 2003); Rosenzweig v. Azurix Corp., 332 F.3d 854 (5th Cir. 2003).

incorrectness of a court's judgment on one or more issues and, therefore, should be granted sparingly.[7] Whether or not to grant such a motion is a matter lying within the sound discretion of the district court.[8]

## II.   ANALYSIS

Plaintiff's motion urges reconsideration of our prior ruling on several different grounds. First, plaintiff objects to the court's grant of summary judgment insofar as that ruling relied upon a sua sponte finding that a portion of plaintiff's deposition testimony was hearsay and, as such, did not constitute competent summary judgment evidence on the element of publication central to plaintiff's liberty interest and defamation claims. The testimony at issue is as follows:

> Q: If Jeff LeDuff were to testify in this matter that he and Sheriff Gautreaux never discussed your termination or any allegations against you, would your position be that he is being untruthful?
> A: Yes.
> Q: And your basis for saying that's untruthful is because of what?
> A: He definitely acknowledged having spoken to the Sheriff and heard about my termination.
> Q: Who did he hear about your termination from?
> A: He indicated that he had spoken to the Sheriff.[9]

Specifically, plaintiff asserts that it was error for this court to base its ruling on a finding of hearsay because defendants did not object to the evidence in question as hearsay and plaintiff was, therefore, not provided an opportunity to address this argument before entry of adverse judgment.

---

[7]Templet, 367 F.3d at 478, citing Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002).

[8]Fed. R. Civ. P. 59(e); Templet, 367 F.3d at 482 - 83, citing Lavespere v. Niagra Machine & Tool Works, Inc., 910 F.2d 167 (5th Cir. 1990).

[9]Deposition of Shane Bellard [R. 21-8] at 48:16 - 49:1.

3

Moreover, plaintiff suggests that the evidence at issue is not hearsay and is, instead, subject to a hearsay exception under Fed. R. Evid. 801. Plaintiff argues that the Sheriff's statement to LeDuff is not hearsay because it constitutes an admission of a party opponent under Rule 801(d)(2)(D). Such rule provides that

> [A] statement is not hearsay if...[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) **a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship**, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy... (emphasis added).

Plaintiff further argues that LeDuff's purported statement to plaintiff is not offered as proof that the Sheriff actually publicized information regarding plaintiff's dismissal to LeDuff, but rather to demonstrate that the Sheriff had publicized information about plaintiff's dismissal, generally.

As highlighted in our prior ruling, plaintiff's above-referenced deposition testimony conflicts with Chief Jeff LeDuff's ("LeDuff") affidavit. While plaintiff's testimony alleges that LeDuff told him he received information about plaintiff's discharge from employment and the circumstances thereof from the Sheriff directly, LeDuff's affidavit attests that he did not speak with the Sheriff directly concerning this matter and, instead, spoke only to "someone [he] presumed to be an employee of the East Baton Rouge Sheriff's Office."[10]

In support of the argument that plaintiff was entitled to notice of the court's consideration of a finding of hearsay in this matter, plaintiff cites several Fifth Circuit cases. The first, Judwin

---

[10] Affidavit of Chief Jeff LeDuff [R. 40-1].

4

Properties, Inc. v. U.S. Fire Insurance Company,[11] involved a district court's grant of summary judgment on claims not included in the movant's motion. Citing Fed. R. Civ. P. 56(c), the appellate court instructed that "[a] district court may grant a motion for summary judgment sua sponte, provided that it gives proper notice to the adverse party."[12] In that case, the motion for summary judgment before the district court sought judgment only as to the issue of plaintiff's breach of contract claims and did not address plaintiff's tort claims. Applying Rule 56 as above, the Fifth Circuit found that plaintiff was entitled to notice and an opportunity to defend all claims as to which summary judgment may be granted by the court before entry of adverse judgment.[13] Accordingly, the district court's sua sponte grant of summary judgment as to plaintiff's tort claims was vacated by the appellate court.

Plaintiff also cites General Retail Services, Inc. v. Wireless Toyz Franchise, LLC, an unpublished Fifth Circuit opinion which, like Judwin before it, reiterates the rule that a plaintiff must have fair notice of the matters before the court. Although this ruling expands the rule slightly, stating that "[n]otice that a particular element of a cause of action is being challenged with summary judgment does not put a party on notice that every element is being challenged," the appellate court's finding did not involve an evidentiary issue, but rather, a contractual clause not raised by any party.

Our review of these cases leads us to conclude that plaintiff's reliance upon them as authority that a court may not apply the rules of evidence to summary judgment evidence offered in support of or against a motion for summary judgment is misplaced. In the case sub judice, defendant filed a

---

[11] 973 F.2d 432 (5th Cir. 1992).

[12] Id. at 436.

[13] Id. at 437.

5

motion for summary judgment as to all claims asserted by plaintiff. Plaintiff was afforded ample notice that he must offer competent summary judgment evidence on each element necessary to demonstrate the existence of genuine issues of material fact such that entry of summary judgment would be improper. The court regrets that defendant's brief did not address this issue, however, the court must assess the evidence in light of the summary judgment standard, which requires competent summary judgment evidence.[14]

Competent summary judgment evidence is that evidence which would be admissible at trial.[15] Keeping this maxim in mind, we now turn to plaintiff's arguments concerning whether or not plaintiff's deposition testimony actually constitutes hearsay or is exempted from the hearsay exclusion as plaintiff suggests.

Plaintiff's argument breaks the deposition testimony at issue into two parts: (1) the Sheriff's purported statement to LeDuff and (2) LeDuff's purported statement to plaintiff. Plaintiff first asserts that any statement by the Sheriff to LeDuff is not hearsay because it is offered against the Sheriff, a party to the suit, and is his own statement. We agree that this portion of the testimony at issue would be covered by Fed. R. Evid. 801(d)(2)(A), as cited above.

Plaintiff next asserts that LeDuff's purported statement to plaintiff does not constitute hearsay because it is not offered to prove the truth of its content, but rather, to demonstrate generally that the

---

[14] Resolution Trust Corp. v. Starkey, 41 F.3d 1018 (5th Cir. 1995); Munoz v. International Alliance of Theatrical Stage Emp. And Moving Picture Machine Operators of U.S. and Canada, 563 F.2d 205 (5th Cir. 1977); Roucher v. Traders & General Ins. Co., 235 F.2d 423 (5th Cir. 1956).

[15] Fowler v. Smith, 68 F.3d 124 (5th Cir. 1995); Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547 (5th Cir. 1987); Broadway v. City of Montgomery, Alabama, 530 F.2d 657 (5th Cir. 1976).

Sheriff "made public his reasons for terminating Bellard."[16] The court disagrees.

The substance of plaintiff's testimony must be taken in context. Recalling the testimony at issue as cited above, plaintiff clearly offered this recollection of LeDuff's statement to him as impeachment evidence. Specifically, it was offered in response to the question,

> [i]f Jeff LeDuff were to testify in this matter that he and Sheriff Gautreaux never discussed your termination or any allegations against you, would your position be that he is being untruthful?

Impeachment evidence is not competent summary judgment evidence as to the element of publication, either by the Sheriff personally, or by a representative of the Sheriff's Office.

As cited above, LeDuff's own affidavit states that information concerning plaintiff's discharge from employment and the allegations against him was publicized to him by someone within the Sheriff's Office.[17] Plaintiff correctly argues that, by operation of vicarious liability doctrine, plaintiff may demonstrate the necessary elements of his official Louisiana law defamation claim by offering evidence of publication by a Sheriff's Office employee, rather than by the Sheriff himself. Our prior opinion notes and we reiterate here that LeDuff's affidavit is noticeably vague as to what prompted him to contact the Sheriff to attempt to discuss plaintiff's plight in the first place. We find that a resolution of this fact question is important to plaintiff's case, given the potential applicability of the

---

[16]R. 52 at p. 4.

[17]LeDuff's affidavit attests that he specifically recalls that the person who publicized the information concerning plaintiff to him used the term "allegedly." The court notes that, for purposes of the element of publication in a civil action for defamation and liberty interest infringement such as this, the use of the term "allegedly" when publicizing damaging allegations against someone is irrelevant. The probative issue is whether or not the substance of the allegations was communicated. Blackburn v. City of Marshall, 42 F.3d 925 (5th Cir. 1995); Rosenstein v. City of Dallas, Tex., 876 F.2d 392 (5th Cir. 1989). In short, the use of the term "allegedly" is no safeguard in this context and should not relied for that purpose.

defense of privilege to plaintiff's Louisiana law defamation claim. If plaintiff or his father, acting as his agent, asked LeDuff to phone the Sheriff for the express purpose of discussing the allegations against plaintiff, plaintiff's claim for defamation fails because of the defense of privilege. More specifically, if further development of the facts reveals that LeDuff was told of plaintiff's discharge from employment and of the substance of the allegations against plaintiff and asked to contact the Sheriff on plaintiff's behalf by either plaintiff or his father, acting as plaintiff's agent, the defense of privilege would apply because of the mutual interest or duty created among the persons at issue in this series of communications.[18] If, on the other hand, LeDuff contacted the Sheriff on his own accord after receiving notice of plaintiff's dismissal and the allegations against him from another source and was additionally informed of the substance of the allegations against plaintiff by a Sheriff's Office employee, the defense of privilege will not apply and, accordingly, plaintiff's Louisiana law defamation claim will not be subject to summary judgment and dismissal.

Given our reasoning above, the court will order that the parties take the deposition of Chief LeDuff in order to fully develop the facts surrounding LeDuff's communication at issue. Consequently, we will grant plaintiff's motion insofar as it requests reconsideration and hold the summary judgment motion open as to plaintiff's defamation claim pending development of the facts and an opportunity for briefs from all parties based on any newly discovered facts.

Plaintiff also argues that, though no Louisiana jurisprudence addresses the issue of self-publication as a defense to such claims, the court should take its direction from the "broad delictual

---

[18] Wright v. Bennett, 924 So.2d 178 (La. App. 1 Cir. 2005); Davis v. Benton, 874 So.2d 185 (5th Cir. 2004); Ward v. Sears, Roebuck & Co., 339 So.2d 1255 (La. App. 1 Cir. 1976); Toomer v. Breaux, 146 So.2d 723 (La. App. 3 Cir. 1962); Kelly v. West Cash & Carry Building Materials Store, 745 So.2d 743 (La. App. 4 Cir. 1999).

8

responsibility" reflected in La. Civ. C. Art. 2315[19] and decisions such as Martin v. Lincoln General Hospital,[20] which held that a defendant who utters a defamatory remark is responsible for all republications that are a natural and probable consequence of the defendant's act.

With the exception, as noted above of the vagaries of the communication with LeDuff, the facts in this case clearly demonstrate that the initial dissemination of the information at issue was made by plaintiff. Plaintiff argues that the Sheriff went beyond the scope of what he told his father and Chief Knaps, disclosing other information which, in at least one case, the Sheriff later admitted not to be true. The court finds, however, that the back and forth exchange of information between the Sheriff and plaintiff's father and Chief Knaps was a natural and probable consequence of plaintiff's plan to have these individuals contact the Sheriff on his behalf. After all, would plaintiff have bothered asking these individuals to contact the Sheriff on his behalf if he had no expectation that his dismissal would be discussed? Moreover, we note again that, but for plaintiff's initiation of these communications, there is no evidence before this court to demonstrate that the defamatory allegations, including the allegation now retracted by the Sheriff, would have been communicated by the Sheriff personally or by a Sheriff's Office employee. Accordingly, we reject this argument as a basis for alteration or amendment of judgment.

Given our findings above with respect to the need for further factual development as to the communication between LeDuff and a yet-unnamed Sheriff's Office employee, we similarly find that plaintiff's motion should be granted as to his individual federal liberty interest claim under 42 U.S.C.

---

[19]La. Civ. C. Art. 2315 provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

[20]588 So. 2d 1329 (La. App. 2 Cir. 1991).

9

§ 1983. We will, as above, hold the summary judgment motion open as to this issue and will allow the parties to fully brief the issue in light of any newly discovered facts. Our findings with respect to plaintiff's official capacity liberty interest claim remain unchanged. Plaintiff has offered no proof of an official policy, pattern or practice which would fulfill his burden of proof as to this claim.[21]

Similarly, we find that our reasoning above requires that we grant plaintiff's motion as to his official and individual capacity Louisiana constitutional claims. Specifically, we find that resolution of the issues surrounding LeDuff's communication with a member of the Sheriff's Office and the potential applicability of the defense of privilege and relevant issue of self-publication are determinative of plaintiff's state constitutional claims. We will hold the summary judgment motion open as to these claims and will allow the parties to fully brief the issues in light of any newly discovered facts.

Finally, we also find that we must grant plaintiff's motion insofar as it requests reconsideration as to plaintiff's punitive damage claims under 42 U.S.C. § 1983, because plaintiff's punitive damage claim necessarily depends upon the survival of his individual capacity federal liberty interest claim against the Sheriff.

Except as noted above, the court finds that our prior ruling should stand as issued and, accordingly, plaintiff's motion to alter or amend will be denied in all other respects. The court will issue an order in conformity with these findings.

**Alexandria, Louisiana**
**December 1, 2010**

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[21] Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 690-91 (1978); Burge v. Parish of St. Tammany, 187 F.3d 452 (5th Cir. 1999).