UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| SHANE BELLARD | CIVIL ACTION NO. 08-627 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| SID J. GAUTREAUX, III | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a partially pending motion for summary judgment by defendants, resulting from this court's prior order requiring that the parties depose Chief Jeff LeDuff ("LeDuff") and, thereafter, submit supplemental briefs on particular issues as to which the court deemed LeDuff's testimony important.[1] For the reasons expressed below, the court finds that defendant's motion should now be GRANTED as to all remaining claims by plaintiff in the above-captioned suit.

By memorandum ruling and judgment dated September 3, 2010, this court granted summary judgment in favor of defendant Sheriff Sid J. Gautreaux, III ("Defendant" or "Sheriff") as to plaintiff's claims for: (1) reinstatement to employment, lost and prospective wages and benefits; (2) punitive damages under 42 U.S.C. § 1983; (3) violation of his federal due process liberty interest by the Sheriff in both his individual and official capacities under 42 U.S.C. § 1983; (4) violation of his Louisiana law due process liberty interest by the Sheriff in his individual capacity; and (5) the Louisiana law tort of defamation by the Sheriff in his individual capacity.[2]

---

[1] R. 61.

[2] R. 50, 51. See R. 50 for a full recitation of the facts of this case, which are not repeated here.

1

Thereafter, plaintiff filed a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), alleging that this court improperly based a portion of its ruling on the motion for summary judgment on a <u>sua sponte</u> finding of hearsay as to a particular excerpt of plaintiff's deposition testimony. Plaintiff's motion further alleged that the evidence at issue was subject to one or more hearsay exceptions. This court rejected most of these arguments, finding that jurisprudence cited by plaintiff concerning plaintiff's right to notice of the issues subject to summary judgment did not, as argued by plaintiff, prevent the court from applying the rules of evidence to the summary judgment evidence before it. The court further found that, while the alleged communication between the Sheriff and LeDuff would be subject to a hearsay exception under Fed. R. Evid. 801(d)(2)(A) because it may constitute a statement made by a party and offered against that party, any alleged communication by LeDuff to plaintiff might only be offered as impeachment evidence and is not, accordingly, competent summary judgment evidence on the issue of publication.

Finally, plaintiff's motion urged that the court reconsider its ruling with respect to the defense of self-publication as to the tort of defamation. The court rejected this argument based on our finding that plaintiff's own actions were unquestionably at the root of most of the defamatory communications at issue in this case. The court did find, however, that further development of the facts surrounding an alleged communication between LeDuff and either the Sheriff or a Sheriff's Office employee was necessary in order to address certain claims and, for that purpose, granted plaintiff's motion to alter or amend, holding the motion for summary judgment open as to plaintiff's claims for: (1) the Louisiana law tort of defamation by the Sheriff in his individual and official capacities; (2) violation of plaintiff's federal due process liberty interest by the Sheriff in his individual capacity under 42 U.S.C. § 1983; (3) punitive damages under 42 U.S.C. § 1983; and (4)

2

violation of his Louisiana law due process liberty interest by the Sheriff in his individual and official capacities.

The court directed that the parties take LeDuff's deposition to further develop necessary facts and, thereafter, file supplemental briefs addressing any newly discovered facts as they may relate to these enumerated outstanding claims. The parties have now taken LeDuff's deposition and filed all desired supplemental briefs and, as such, we find the issues ripe for our consideration.

The court has carefully read the entirety of LeDuff's deposition, taken January 3, 2011.[3] LeDuff testified that plaintiff initiated contact with him and, at that time, told him that he had been terminated from the Sheriff's Office.[4] LeDuff further testified that he felt that the purpose of plaintiff's call to him was to ask about the possibility of future employment with the Baton Rouge Police Department, where LeDuff served as Chief of Police at the time.[5] LeDuff recalled that plaintiff told him that the reason for his termination was that he had been accused of sleeping in class and of having some "inappropriate contact or words" with a female.[6] LeDuff also affirmed that plaintiff's telephone call to him was the first time that he heard of plaintiff's termination or of the allegations against plaintiff.[7] When asked directly about plaintiff's testimony that LeDuff told him he had already heard about plaintiff's termination from the Sheriff himself, LeDuff replied "...the

---

[3] R. 66-1.

[4] Id. at 10:25 - 11:2.

[5] Id. at 11:5 - 12:6.

[6] Id. at 12:9 - 14.

[7] Id. at 12:15 - 19.

3

only thing I could tell you is if I said that, I was maybe fishing for information."[8]

I. **Plaintiff's Individual and Official Capacity Federal Liberty Interest Claims**

In our prior ruling, this court granted summary judgment in favor of the Sheriff as to plaintiff's official capacity federal liberty interest claim on the basis that plaintiff failed to demonstrate a municipal policy or custom that was the operative cause of the alleged violation of plaintiff's due process liberty interest.[9] The court held open the summary judgment motion as to plaintiff's individual capacity based on vagueness in LeDuff's affidavit.

Specifically, the court found that, while plaintiff could not demonstrate the required element of publication by demonstrating self-publication to LeDuff, it was unclear from LeDuff's affidavit whether or not plaintiff initiated contact with LeDuff or LeDuff first became aware of plaintiff's termination by some other means.[10] As cited above, LeDuff's testimony is that plaintiff called him and told him of his termination and inquired about possibly coming to work for LeDuff in the Baton Rouge Police Department. Plaintiff's own testimony affirms that he initiated the call to LeDuff.[11] Although plaintiff testified that LeDuff told him that he had prior knowledge of plaintiff's termination, we have already held that this is not competent summary judgment evidence for the truth of the matter asserted, though it might be used at trial as impeachment evidence. Plaintiff presents no other evidence that the Sheriff personally disclosed plaintiff's termination or the

---

[8] Id. at 23:7 - 8.

[9] R. 50 at p. 14.

[10] Id. at p. 12.

[11] R. 21-8 at 48:16 - 49:1.

allegations against him to LeDuff.

As explained in our prior ruling, plaintiff's initiation of contact with LeDuff and his own publication of his termination and the allegations against him is fatal to his liberty interest claim against the Sheriff in his individual capacity. The Fifth Circuit has already rejected the premise that a plaintiff may demonstrate publication when plaintiff himself publicizes the defamatory information.[12] This is true even when plaintiff self-publicizes to prospective employers.[13] Accordingly, we now hold that plaintiff's federal due process liberty interest claim against the Sheriff in his individual capacity should be dismissed based on plaintiff's inability to demonstrate the required element of publication.

## II. Plaintiff's Punitive Damages Claim Under 42 U.S.C. § 1983

Given our finding above that plaintiff is unable to demonstrate the necessary elements of his individual capacity federal liberty interest claim, we similarly find that his claim for punitive damages under § 1983 should be dismissed, as plaintiff fails to demonstrate evil motive or deliberate indifference concerning the Sheriff's alleged actions in this case.

## III. Plaintiff's Louisiana Due Process Liberty Interest Claims

In our prior ruling, this court granted summary judgment and dismissed plaintiff's Louisiana constitutional due process liberty interest claim against the Sheriff in his individual capacity based on our finding that plaintiff's only evidence of publication of defamatory allegations by the Sheriff personally constituted hearsay and, though permissible for use as impeachment evidence, did not

---

[12] Hughes v. City of Garland, 204 F.3d 223, 228 (5th Cir. 2000).

[13] Id.

5

constitute competent summary judgment evidence.[14] We declined to grant summary judgment as to plaintiff's Louisiana constitutional due process liberty interest claim against the Sheriff in his official capacity, however, on the basis that fact questions remained concerning the alleged defamatory communication between LeDuff and a yet-unnamed Sheriff's Office employee.[15]

Given our finding above, based on LeDuff's recent deposition, that plaintiff initiated contact with LeDuff and told him both of his termination and the allegations against him, we now find that plaintiff's Louisiana constitutional due process liberty interest claim against the Sheriff in his official capacity should be dismissed with prejudice. As cited above, plaintiff's self-publication of the defamatory allegations to LeDuff, even if communicated for the purpose of applying for employment under LeDuff, is fatal to his liberty interest claim, as it does not suffice to demonstrate publication. Moreover, plaintiff presents no evidence, except his hearsay statement that LeDuff told him that the Sheriff had already informed him of plaintiff's termination, that LeDuff had prior knowledge of these allegations. Even if the court were to assume that LeDuff did lie to plaintiff for the purpose of "fishing" for information, it is clear from plaintiff's own testimony that he called LeDuff with the intention of disclosing all such information, either for the purpose of seeking the favor of help in pleading his case to the Sheriff or for the purpose of applying for new employment under LeDuff. In either case, plaintiff's claim fails and will, accordingly, be dismissed.

IV. **Plaintiff's Louisiana Law Defamation Claim**

In our prior ruling, this court granted summary judgment and dismissed plaintiff's Louisiana law defamation claim against the Sheriff in his individual capacity, but declined to grant summary

---

[14]R. 50 at p. 15.

[15]Id.

judgment as to plaintiff's official capacity defamation claim on the basis that a genuine issue of fact remained concerning the alleged publication of defamatory allegations against plaintiff by a yet-unnamed Sheriff's Office employee to LeDuff.[16]

As above, the evidence before us demonstrates that plaintiff initiated contact with LeDuff and, accordingly, plaintiff is unable to prove the element of publication with respect to this claim. While the court is unaware of any decision by a Louisiana court specifically addressing self-publication in the context of a defamation action, we find that, given the necessity of proving fault at the level of negligence or greater under Louisiana law, allowing proof of self-publication for these purposes would not comport with the elements of such tort.[17]

We similarly reject plaintiff's argument that he was forced to publicize the defamatory allegations against him in an effort to mitigate his damages, which he is required to do under Louisiana law. The damage incurred by the victim of defamation is damage to one's reputation or standing in the community. In order to mitigate one's damages in such a case, the plaintiff should refrain from dispersing the defamatory allegations against him to others. It is clear that plaintiff attempted to mitigate his damages when he wrote to the Sheriff to request a name clearing hearing, but we decline to characterize his telephone campaign as further mitigation of damages in this case.

V. **CONCLUSION**

For the reasons expressed above, it is the finding of this court that plaintiff's remaining claims for violation of his federal constitutional due process liberty interest, Louisiana constitutional due process liberty interest, and Louisiana tort law should be dismissed with prejudice. We

---

[16]R. 50 at p. 21.

[17]Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196 (La. 1980).

7

accordingly also find that plaintiff's claim for punitive damages under 42 U.S.C. § 1983 should be dismissed with prejudice.

The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**March 2 2 , 2011**

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT